**SO ORDERED.**

**SIGNED this 11 day of December, 2006.**

_____
**JAMES D. WALKER, JR.**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | CASE NO. 06-30128-RFH |
| VANESSA OBERGENIA DILLARD, | ) | |
| | ) | |
| DEBTOR. | ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

<u>COUNSEL</u>

| | |
|---|---|
| For Debtor: | Barry Gordon Irwin<br>129 Bryan Street, Suite 101<br>Athens, Georgia 30601-1801 |
| For Chapter 13 Trustee: | Tony D. Coy<br>Post Office Box 954<br>Macon, Georgia 31202 |
| For Federal National<br>Mortgage Association: | Robert Michael Sheffield<br>1544 Old Alabama Road<br>Roswell, Georgia 30076 |

**MEMORANDUM OPINION**

This matter comes before the Court on Federal National Mortgage Association's motion for stay relief and the Chapter 13 Trustee's motion to dismiss. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A), (G). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.[1]

**Findings of Fact**

Debtor Vanessa Dillard's house was scheduled for foreclosure on March 7, 2006. She consulted a non-lawyer who advised her that she could prevent the foreclosure by filing for bankruptcy. He did not inform her that she must receive credit counseling prior to filing. Hours after the foreclosure sale, Debtor drove from Athens to Macon to file a Chapter 13 petition pro se. Her filing was delayed because she did not initially have the proper paperwork. After obtaining that paperwork via facsimile, she filed a skeletal petition. She testified that she did not receive a notice from the Clerk of the Bankruptcy Court about the credit counseling requirement but, instead, learned about it from another individual in line at the Clerk's Office.

The following day, on March 8, 2006, Debtor obtained credit counseling. Also on that day the Clerk generated a notice informing Debtor certain required documents–certificate of credit counseling, schedules A-J, summary of schedules, statement of financial affairs, and statement of current monthly income/means test calculation–were missing from her petition. The notice further stated if Debtor failed to file the documents or to request a hearing within 15 days,

---

[1] This case is assigned to Chief Judge Hershner. Judge Walker's participation is limited to the motions at issue.

her case could be dismissed without further notice. Debtor did not file any of the missing documents, and the Court dismissed her case on March 24, 2006.

Debtor sought reconsideration of the dismissal order, arguing that she had no legal assistance and did not fully understand her duties under the Bankruptcy Code, but she was prepared to file all the required documents. When no interested parties objected, the Court granted her motion and vacated the dismissal on June 26, 2006.

On July 18, 2006, Barry Irwin filed an appearance in the case as counsel for Debtor. Also on that date, Debtor filed all the missing documents. On September 6, 2006, the Federal National Mortgage Association filed a motion for stay relief[2] and the Chapter 13 Trustee filed a motion to dismiss for Debtor's failure to obtain credit counseling prior to the bankruptcy filing. The Court held a hearing on the motions on November 14, 2006, and for the reasons that follow will dismiss the case.

## Conclusions of Law

The relevant facts of this case could easily be reduced to one sentence: Debtor did not obtain credit counseling prior to filing her bankruptcy petition.

Bankruptcy Code § 109(h) provides that "an individual <u>may not be a debtor</u> under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency ... an individual or group briefing ...." 11 U.S.C. § 109(h)(1) (emphasis added).

---

[2] Although Debtor's house had been sold at the foreclosure sale hours before she filed her petition, she still resided there. According to its motion, the creditor sought stay relief to obtain possession of the property.

However, Congress offered three exceptions to the requirement.

First, if the judicial district has no approved credit counseling agencies, the debtor need not obtain the briefing. Id. § 109(h)(2). This exception is not applicable in the Middle District of Georgia, which has more than twenty approved credit counseling agencies. See http://www.usdoj.gov/ust/eo/bapcpa/ccde/CC_Files/CC_Approved_Agencies_HTML/cc_georgia/cc_georgia.htm.

Second, a debtor may be granted dispensation to obtain the counseling post-petition (but no more than 45 days after the filing date) by submitting a certification that (1) states exigent circumstances meriting such an extension, (2) states she requested but was unable to obtain counseling within five days of the request, and (3) is satisfactory to the court. 11 U.S.C. § 109(h)(3). In this case, Debtor submitted no such certification. Even if she were able to describe appropriate exigent circumstances, Debtor admitted she did not attempt to obtain credit counseling at any time prior to filing, so she could not satisfy the second prong of the test.

Third, the credit counseling requirement does not apply to a debtor who is unable to complete it due to "incapacity, disability, or active military duty in a military combat zone." Id. § 109(h)(4). Debtor has conceded that none of these categories applies to her. Thus, she cannot forego prepetition credit counseling.

The Code provides that an individual cannot be a debtor unless she obtains prepetition credit counseling or meets one of the three exceptions. Debtor in this case did not obtain prepetition credit counseling and has conceded that she can satisfy none of the exceptions. In such circumstances, the overwhelming majority of courts have held either the case should be

dismissed or the petition stricken.[3] See In re Seaman, 340 B.R. 698, 703-06 (Bankr. E.D.N.Y. 2006) (discussing cases). However, Debtor relies on a single opinion that resists the majority view to argue for continuance of her case notwithstanding her failure to comply with the Code. In re Hess, 347 B.R. 489 (Bankr. D. Vt. 2006).

In Hess, the court considered two Chapter 7 debtors who failed to obtain prepetition credit counseling.[4] In one case, the debtor received credit counseling from an agency that had not yet received approval from the U.S. Trustee. Upon realizing the error, he attended a post-petition session from the same agency, which had since been approved. Id. at 492. In the second case, the debtor's attorney prepared the petition and schedules and put them in an envelope to be mailed to the court as soon as the debtor received her certificate of credit counseling. The attorney then suffered a catastrophic medical emergency. While the attorney was receiving treatment, a member of her staff mailed the envelope without realizing that the petition was incomplete. Id. at 492-93. The court declined to dismiss either case, concluding (1) dismissal is not required by the statute, (2) courts have discretion when enforcing the credit counseling requirement, and (3) the court should look to the totality of the circumstances to determine whether dismissal is appropriate. Id. at 495-98.

As always when interpreting the Bankruptcy Code, the Court's analysis must begin with the text of the statute. Lamie v. U.S. Trustee, 540 U.S. 526, 534, 124 S. Ct. 1023, 1030 (2004).

---

[3] The arguments and consequences for each result have been well-defined by other courts and need not be restated here. See In re Ross, 338 B.R. 134, 135-40 (Bankr. N.D. Ga. 2006).

[4] For purposes of the opinion in Hess, the court consolidated the cases of two separate debtors–Michael Hess and Danielle Madore–that presented the same question.

Debtor and the court in Hess correctly observed that § 109(h) itself does not require dismissal of a case for failure to obtain prepetition credit counseling. In fact, it mentions no consequences for such failure. Instead, it says, "an individual may not be a debtor under this title" without first obtaining the counseling. 11 U.S.C. § 109(h)(1).

Section 1307(c) authorizes a court to dismiss a Chapter 13 case for "cause," upon the motion of a party in interest. Section 707(a) contains a similar provision for Chapter 7 cases. Ineligibility to be a debtor is sufficient cause to dismiss a case. Seaman, 340 B.R. at 707. However, both statutes provide that the court "may" dismiss the case. Hence, the court in Hess reasoned, dismissal for cause is discretionary. 347 B.R. at 496. Therefore, if the totality of the circumstances indicate that dismissal would result in manifest injustice, the court can exercise its discretion to allow the case to continue. Id. at 498. The court considered six factors essential to its analysis:

> (1) whether the debtor filed the case in good faith, (2) whether the debtor took all reasonable steps to comply with the statutory requirements, (3) whether the debtor's failure to comply was the result of circumstances that were both extraordinary and beyond the control of the debtor, (4) whether the debtor's conduct meets the minimum requirements of § 109(h), (5) whether any party would be prejudiced by allowing the case to proceed, and (6) whether there are any unique equitable factors that tip the balance in one direction or the other.

Id. (footnote omitted). In both cases considered by Hess, the court found that the debtors' failure to obtain prepetition credit counseling was due to circumstances beyond their control despite taking all reasonable steps necessary to comply with the law and declined to dismiss both cases. Id. at 498-500.

Assuming for the sake of argument that Hess provides the correct analysis for

7

consideration of a § 109(h) issue, Debtor in this case has failed to demonstrate that, under the circumstances, termination of her case would be manifestly unjust. Debtor argues that she has acted in good faith by highlighting the following facts: (1) She filed the bankruptcy case on the advice of a non-lawyer who assured her he could stop the imminent foreclosure of home. He did not inform her of the credit counseling requirement. (2) Debtor drove 90 minutes from Athens to Macon to file her case but was turned away because she did not have the necessary paperwork. After obtaining that paperwork, she was able to file her petition. (3) She did not receive the § 342(b) disclosures from the Clerk of the Bankruptcy Court. (4) No employee of the Court advised her that her case could be dismissed if she failed to obtain credit counseling prior to filing.

Debtor's failure to obtain legal advice or to take any action until the day of foreclosure, while unfortunate, does not redeem her. A debtor cannot expect to escape the requirements of the law by remaining willfully ignorant of them. In fact, the language of the statute itself–requiring the credit counseling to take place <u>prepetition</u>–demonstrates Congress's intent to prevent debtors from waiting until the last minute to deal with dire financial straits.

In addition, the Court is not persuaded that any action or inaction by the Clerk's Office shows that termination of the Debtor's case would result in manifest injustice. Section § 342(b) states, in relevant part, "(b) Before the commencement of a case under this title by an individual whose debts are primarily consumer debts, the clerk shall give to such individual written notice containing– (1) a brief description of– ... (B) the types of services available from credit counseling agencies[.]" 11 U.S.C. § 342(b).

The Clerk in this District has created a written notice that provides as follows:

> 1. Services Available from Credit Counseling Agencies
> **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.

(Notice to Indiv. Consumer Debtor Under § 342(b) of the Bankr. Code (emphasis in original).) A supply of the notices is located in a document rack by the elevator in the intake area of the Clerk's Office in Macon, but they are not personally handed to pro se debtors. Consequently, Debtor contends the Clerk failed to "give" her the requisite written notice.

The Court finds no merit to this argument.  Even if Debtor is correct that by making the notice available the Clerk has not satisfied the requirement to "give" the notice to individual debtors, it does not excuse Debtor's failure to obtain credit counseling.  Neither the Court nor the Clerk's Office has endeavored to conceal the prepetition credit counseling requirement from pro se debtors.  In fact, the bankruptcy petition Debtor filled out by hand requires the petitioner to check one of two boxes to indicate that she received the credit counseling or is requesting an extension due to exigent circumstances.  Debtor checked neither box.  In addition, Debtor signed a statement on the petition that reads, "I declare under penalty of perjury that the information provided in this petition is true and correct. ... (If no attorney represents me and no bankruptcy preparer signs the petition) I have obtained and read the notice required by § 342(b) of the Bankruptcy Code."  Thus, Debtor's ignorance of the credit counseling requirement should be

9

attributed to her own carelessness and haste in filing her petition. Even though she faced desperate circumstances in the loss of her home, she had an obligation to carefully read and ensure she understood the petition as it is a significant legal document filed under penalty of perjury.

The Court generally grants pro se debtors latitude when they have trouble navigating the complexities of the Bankruptcy Code–all the while urging them to obtain competent counsel. However, that latitude does not extend to ignoring or throwing out requirements imposed by Congress. In re Hedquist, 342 B.R. 295, 300 (B.A.P. 8th Cir. 2006). The credit counseling requirement is clearly stated in the Bankruptcy Code and it is expressly referenced in the bankruptcy petition, so any failure by the Clerk did not deprive Debtor of due process or offer any other legal basis for waiving the requirement for Debtor.[5]

Even if this Court did not conclude that ineligibility to be a debtor under § 109 is cause to terminate this case, the facts presented by Debtor fail to demonstrate that such dismissal would

---

[5] Debtor made one other point worth mentioning. No party raised the issue of credit counseling prior to the earlier dismissal of her case, and no party objected to or appealed the reinstatement of the case. It is unclear whether Debtor is suggesting the Trustee waived her right to seek dismissal pursuant to § 109(h). However, Debtor only filed her certificate of credit counseling once her case was reinstated. So, the Trustee had no way of knowing that the counseling occurred postpetition rather than prepetition until after the reinstatement, which is when she filed the motion to dismiss. There may be circumstances in which ineligibility under § 109(h) is waived–for example, if termination of the case would prejudice creditors–but this case does not present them. Compare In re Parker, No. 06-61224, 2006 WL 2642119 (Bankr. N.D. Ga. Sept. 13, 2006). In Parker, a Chapter 7 debtor was aware of his § 109(h) deficiency, sought permission to rectify it, and continued to actively participate in the case. Id. at *1-3. When the trustee attempted to sell a houseboat the debtor wanted to retain, the debtor sought dismissal based on his failure to obtain credit counseling. The trustee and creditors opposed dismissal. Id. at *5. The court found the debtor waived his right to raise the § 109(h) issue by his actions in the case. Id. The court further found that judicial estoppel would preclude the debtor from seeking dismissal under § 109(h). Id. at *6.

result in manifest injustice. For the foregoing reasons, the Court concludes that Debtor's case should be terminated. The Court agrees with the majority position that the appropriate method of termination when a debtor has failed to satisfy § 109(h) is dismissal of the case rather than striking the petition. "[B]ecause the bankruptcy court retains the authority to determine the debtor's eligibility [under § 109], the court must have jurisdiction over a case commenced by an ineligible debtor." In re Parker, No. 06-61224, 2006 WL 2642119, at *4 (Bankr. N.D. Ga. Sept. 13, 2006). As a result, the eligibility question is not jurisdictional and does not prevent an ineligible debtor from commencing a case and having that case dismissed.[6]

**Conclusion**

Debtor has suggested several reasons she should be excused from complying with the credit counseling requirement. That she was proceeding in good faith, was given bad advice by a disreputable business, was not informed of the requirement by the Clerk's Office, and was in a state of extreme distress due to the foreclosure of her home may make her extremely sympathetic, but they do not make her above the law. Numerous bankruptcy judges have commented that § 109(h) can have an unusually draconian effect on unwary or unsophisticated debtors. But, the judges' hands are tied, and they can do little more than complain as they terminate cases filed by honest but unfortunate debtors who failed to obtain prepetition credit counseling. While this Court can add its voice to the growing volume of criticism, it still must dismiss Debtor's case.

---

[6] The opposing view argues that an ineligible debtor cannot commence a case, so there is no case to dismiss. Instead, the petition must be stricken as *void ab initio*. See In re Rios, 336 B.R. 177, 179-80 (Bankr S.D. Tex. 2005).

Because the Court will dismiss Debtor's case, FNMA's motion for stay relief is moot.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT